UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| GERBER LIFE INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMANTHA WALLACE, *et al.*, ) <br> ) <br> Defendants. ) | No. 1:11-cv-31 <br><br> *Mattice / Lee* |

**ORDER APPOINTING GUARDIAN *AD LITEM***

Before the Court is a motion of Plaintiff Gerber Life Insurance Company ("Gerber") for the appointment of a guardian *ad litem* in this action to represent in the interests of two minor defendants, C.G. and C.N. [Doc. 3]. A hearing on the motion was held on June 2, 2011.[1]

On February 10, 2011, Gerber filed a petition for interpleader on the issue of three life insurance policies for a minor child C.W., daughter of Samantha and Thomas Wallace [Doc. 1]. In this petition, Gerber named 11 Defendants, including Samantha and Thomas Wallace, C.W.'s parents; C.G. and C.N., C.W.'s minor half-brother and half-sister, respectively; Bobby Nolan, Teresa Nolan, Sandi Wallace, the estate of Dena McNabb, Randy Basham, and Larry Johnson, all grandparents of C.W.; and Whitwell Memorial Funeral Home, which has since been dismissed [Doc. 1, 31].

---

[1] At the hearing, Defendant Samantha Wallace and Plaintiff Gerber Life Insurance Company were represented by counsel. Defendant Mattea L. Rolin, administrator for the estate of Dena McNabb, filed a written response stating no objection to the motion and was excused from the hearing. No other parties appeared, despite notice of the hearing.

According to the petition for interpleader, Samantha Wallace purchased three life insurance policies for C.W.—two $15,000 policies, one in April and one in November of 2008, and a $5,000 policy also in November of 2008 ("the Policies"). The Policies list Samantha and Thomas Wallace as co-beneficiaries. On July 12, 2010, C.W.'s half-brother, C.G., shot and killed C.W. after C.W.'s mother, Samantha Wallace, put the children in a bedroom for a nap. Samantha and Thomas Wallace were charged with negligent homicide in connection with C.W.'s death. According to Samantha Wallace's attorney, this charge is still pending and not yet set for trial.

Gerber alleges that the facts of this case make it difficult to determine who is entitled to the proceeds of the Policies. First, the negligent homicide charge against Samantha and Thomas Wallace raises the question of the applicability in this case of Tennessee's "Slayer Statute," which reads:

> Any person who shall kill, or conspire with another to kill, or procure to be killed, any other person from whom the first named person would inherit the property, either real or personal, or any part of the property, belonging to the deceased person at the time of the deceased person's death, or who would take the property, or any part of the property by will, deed, or otherwise, at the death of the deceased, shall forfeit all right in the property, and the property shall go as it would have gone under provisions of § 31-2-104, or by will, deed or other conveyance, as the case may be; provided, that this section shall not apply to any such killing done by accident or in self defense (Tenn. Code Ann. § 31-1-106).

If this statutory provision is not applicable in this case, the named beneficiaries would presumably receive the proceeds of the Policies. If, on the other hand, the statute applies and the named beneficiaries "forfeit" their interest, then the parties appear to agree that the proceeds of the Policies would pass under Tennessee's intestacy statute. In that case, a second issue may arise—namely, whether C.G. and C.N., as half-siblings, qualify as "brothers and sisters." *See* Tenn. Code Ann. §

31-2-104(b)(3).

The Court **FINDS** that the two minor Defendants' potential interests in the proceeds of the Policies are currently unrepresented. No objection was made to the motion to appoint a guardian ad litem, and the motion [Doc. 3] is **GRANTED** pursuant to Fed. R. Civ. P. 17(c). At this time, it appears that the interests of both minor Defendants are identical, at least with respect to the threshold issue of whether the Slayer Statute applies to void the interests of the named beneficiaries. Accordingly, it is **ORDERED**:

1. Tonya Cammon, an attorney licensed to practice before this Court, is **APPOINTED** as guardian *ad litem* for C.G. and C.N., minor Defendants, with respect to matters pending before this Court, provided, however, that attorney Cammon shall promptly inform the Court if she determines at any time that the interests of C.G. and C.N. are adverse to each other; and

2. The guardian *ad litem* shall have the duty and authority to defend this action on behalf of the minor Defendants, including, but not limited to: (a) investigating the merits of Gerber's petition for interpleader concerning the life insurance benefits; (b) investigating the merits of any claim of the minor Defendants to the payment of the proceeds of the Policies; (c) investigating the claim of any other Defendant to the payment of the proceeds of the Policies; (d) investigating the applicability of Tennessee's Slayer Statute to the facts of this case; (e) investigating whether or not half-siblings qualify as "brothers and sisters" under Tennessee's Intestacy Statute; (f) filing a claim/motion for payment of the proceeds of the Policies on behalf of the minor Defendants; (g) responding to any claim/motion for payment of the proceeds of the Policies filed on behalf of any other Defendant; (h) conducting any and all necessary discovery; and (I) contacting and conferring with other counsel and unrepresented parties where appropriate, including entering into negotiations for settlement/compromise of the claims to the proceeds of the Policies; and

3. Upon completion of her duties as guardian *ad litem*, attorney Cammon shall be entitled to, and may move for, a reasonable fee, which may be assessed in the Court's discretion against the life insurance benefits payable under the Policies.

The Clerk is hereby **DIRECTED** to add attorney Cammon's name as guardian *ad litem* in this matter for the minor Defendants C.G. and C.N. The Clerk is further **DIRECTED** to serve a copy of this Order on attorney Cammon, on all counsel of record, and all unrepresented parties.

SO ORDERED.

ENTER:

                                                           s/ *Susan K. Lee*
                                                         SUSAN K. LEE
                                                         UNITED STATES MAGISTRATE JUDGE